UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENEVA HOLMES-JAMES, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE COUGHENOUR, et al., <br><br> Defendants. | Case No. C11-1188-TSZ-JPD <br><br><br> REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action against the defendants. Dkt. 1, Att. 1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1, Att. 1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and her IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(e), the district court must dismiss the case "at any time" it determines the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint lacks any cognizable legal theory, and therefore appears frivolous and fails to state a claim upon which relief may be granted. Dkt. 1, Att. 1. Indeed, the proposed complaint is simply incomprehensible. *See Id.* Despite vague references to a government lien, plaintiff's proposed complaint fails to allege sufficient facts to place the defendants on notice of the nature of plaintiff's claims or otherwise provide any basis for jurisdiction in this Court. *See* FRCP 8(a). Plaintiff has also named at least one defendant, the Honorable John C. Coughenour, who is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief."); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."). Accordingly, plaintiff has failed to state a claim against the defendants, and her proposed complaint must be dismissed as frivolous.

The Court advises plaintiff of her responsibility to research the facts and law before filing a complaint in order to determine whether her claim for relief is frivolous. If plaintiff files a frivolous action, she may be sanctioned. *See* FRCP 11. If plaintiff files numerous frivolous or malicious complaints, the Court may bar her from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing bar order requirements).

### III. CONCLUSION

For all of the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1, Att. 1, be DISMISSED without prejudice, and that her IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

DATED this 26th day of July, 2011.

JAMES P. DONOHUE
United States Magistrate Judge